# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-2480

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　　District Court for the
　　　　　　　　　　　　　　　　　*　　District of Nebraska.
Adrian Murphy,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　*


_____

Submitted: February 14, 2001
Filed: April 30, 2001

_____

Before RICHARD S. ARNOLD, LAY, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Adrian Murphy appeals from the sentence he received after he pleaded guilty to distribution of a substance containing crack cocaine in violation of 21 U.S.C. § 841(a)(1). Murphy argues that the district court[1] erred in failing to make a downward departure based on the substantial assistance he provided to the government following his arrest. Because Murphy waived this issue below, we affirm.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

I.

Murphy was arrested on September 18, 1998, after he sold crack cocaine on three separate occasions to a government confidential informant. Murphy entered a cooperation agreement with the government on October 16, 1998, as well as a plea agreement in which he waived his right to an indictment by a grand jury. The plea agreement also gave the government exclusive control over the timing of Murphy's waiver of the indictment and plea entry. The government agreed to consider making a motion for downward departure at sentencing under 18 U.S.C. § 3553(e) and under Sentencing Guideline § 5K1.1 if the United States Attorney, in his sole discretion, determined that Murphy provided substantial assistance in the investigation or prosecution of one or more other persons and did not otherwise violate the plea agreement. The cooperation agreement required Murphy to cooperate with law enforcement for a period of 60 days.

During the initial 60-day period, Murphy cooperated with the Drug Enforcement Agency and made two controlled cocaine purchases. Following that 60-day period, the government requested and received an extension of the cooperation agreement for an additional 60 days. Ultimately, Murphy was unable or unwilling to identify the target of the DEA's investigation or make additional purchases from him. The DEA Special Agent involved with Murphy's cooperation informed the United States Attorney's Office that Murphy was less dependable after the cooperation agreement was extended.

On August 20, 1999, Murphy's waiver of indictment by a grand jury and guilty plea were entered, and sentencing was set for November 9, 1999. Murphy absconded prior to his sentencing and was finally arrested on March 22, 2000, in possession of 26.88 grams of crack cocaine. His sentencing was reset for May 24, 2000. The government had made a recommendation to the presentence investigator for a three-level reduction in Murphy's offense level based on his acceptance of responsibility as of the time of Murphy's guilty plea and before he absconded. The government never

2

moved for a downward departure based on substantial assistance. Because Murphy fled prior to his initial sentencing date, the district court imposed a two-level upward adjustment for obstructing justice rather than the three-level acceptance of responsibility downward adjustment suggested by the government's earlier recommendation. Murphy's criminal history score and adjusted offense level resulted in a sentencing range of 235 to 293 months. The district court did not depart from the identified sentencing range and sentenced Murphy to 240 months of imprisonment.

## II.

Murphy argues on appeal that the district court erred in not departing downward from the identified sentencing range because he provided substantial assistance to the DEA during the term of his cooperation agreement. It is well settled, however, that a district court is without authority to make a downward departure based on substantial assistance absent a motion from the government, unless the government's refusal to file a motion is based on unconstitutional motives, is irrational, or is made in bad faith. United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir 1994).

We need not delve into the government's reasons for failing to file a downward departure motion because Murphy has waived the issue. Murphy failed to raise the issue of a downward departure with the district court at his sentencing. Normally when a defendant fails to raise an issue before the district court, the issue is not properly preserved for appeal, and is thus subject to plain error review under Federal Rule of Criminal Procedure 52(b). See United States v. White, 241 F.3d 1015, 1023 (8th Cir. 2001). However, we need not even conduct plain error review in this case because Murphy waived his right to object in this court to the government's failure to make a motion for downward departure. See United States v. Gutierrez, 130 F.3d 330, 332 (8th Cir. 1997). When a defendant waives a right, that is intentionally relinquishes or abandons it, the claim is extinguished altogether. Only when the right is inadvertently

left unasserted is the defendant saved by Rule 52(b)'s plain error review. See United States v. Olano, 507 U.S. 725, 733 (1993); Gutierrez, 130 F.3d at 332.

Murphy did not object to the presentence investigation report, which did not identify substantial assistance as a factor warranting departure. When the government did not make the motion, he made no departure motion of his own nor did he otherwise indicate to the district court at the time of his sentencing that a departure for substantial assistance was something to which he felt entitled. After explaining to the district court the extent of Murphy's cooperation with the government pursuant to the cooperation agreement, Murphy's counsel asked only that he be sentenced at the bottom of the sentencing range. "We're asking that the Court enter a sentence imposing a sentence toward the lower end of the guidelines. Mr. Murphy has been already sentenced on the obstruction and ask that the Court consider his cooperation with the government in this case." (Sent. Tr. at 7-8.) The sentencing transcript belies Murphy's contention that he did not voluntarily relinquish or abandon his right to object in this court to the government's failure to file a motion for downward departure because he anticipated that the government would make the motion at sentencing or later. Not only did he not object when that anticipation did not come to pass, he asked only to be sentenced at the low end of the sentencing range. He cannot now complain when he received what he asked for. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (A defendant who "merely receive[s] what he bargained for" in a plea agreement "may not challenge that punishment on appeal."). On these facts, we hold that Murphy waived his right to object now to the government's failure to move for a downward departure. See United States v. Hipolito-Sanchez, 998 F.2d 594, 596 (8th Cir. 1993) (defendant who withdrew objections to drug quantities contained in the presentence report waived his right to challenge the amount on appeal); United States v. Scanga, 225 F.3d 780, 783 (7th Cir. 2000) (defendant intentionally relinquished his right to appeal guidelines calculations

when he did not object to PSR addendum and stated at sentencing that "'everything seems to be correct'"), cert. denied, 121 S. Ct. 827 (2001).[2]

Even if we were to conduct plain error review, Murphy's sentence must be affirmed. The plea agreement provided that the government would make the motion if the United States Attorney determined, in his sole discretion, that Murphy provided substantial assistance AND if Murphy did not otherwise violate the plea agreement. The plea agreement required that Murphy "not commit any crimes whatsoever." (R. at 3, Plea Agreement ¶ 5.) Murphy nullified any obligation the government had to file the downward departure motion when he absconded and was later arrested in possession of over 26 grams of crack cocaine. There was no plain error.

III.

We affirm the sentence imposed by the district court.

-----

[2]Though neither party addresses it in their briefs, we note that in the plea agreement, Murphy "knowingly and voluntarily agree[d] to waive any right which he[] may have to challenge the government's decision to not file or seek a downward departure pursuant to Title 18 U.S.C. 3553(e), Rule 35(b), or §5K1.1 USSG, except upon a substantial threshold showing by the defendant that any such decision was based upon an unconstitutional motive related to the defendant's race, religion, gender, or national origin." (R. at 4, Plea Agreement ¶ 7.) Murphy claims on appeal that the government acted irrationally and in bad faith, but he does not argue the one basis reserved in the plea agreement, that the government's actions were based on unconstitutional motives. "Generally, we do not consider issues that a defendant knowingly and voluntarily waived in a plea agreement." United States v. Goings, 200 F.3d 539, 543 (8th Cir. 2000); see also United States v. Stuttley, 103 F.3d 684, 686 (8th Cir. 1996), cert. denied, 522 U.S. 824 (1997). We do not base our holding today solely on Murphy's waiver in his plea agreement because the government did not raise it. It does bolster our holding, however, that Murphy has waived the issues raised in this appeal.

5

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT