# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2509

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Michael D. Thompson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2002

Filed: May 8, 2002

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Michael Thompson (Thompson) pled guilty to possessing cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). At his sentencing hearing, Thompson's lawyer withdrew his objections to the presentence investigation report (PSR) and requested a sentence at the low end of the guideline range. The district court[1] sentenced Thompson within the guideline range, and Thompson now appeals his sentence. We affirm.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

## I.    BACKGROUND

Thompson was arrested in Hot Springs, Arkansas, on July 9, 1999, after he purchased cocaine and marijuana from a cooperating witness. After his arrest, Thompson admitted to purchasing approximately 2.5 kilograms of cocaine and between 200 and 500 pounds of marijuana from a Texan named Johnny Lemos (Lemos) on separate occasions in the two or three months leading up to his arrest. Thompson, who purchased the drugs from Lemos through a courier, also admitted to selling drugs to approximately eight buyers.

Thompson entered into a plea agreement and pled guilty to one count of possession of cocaine base with intent to distribute. The PSR recommended that Thompson be given a three-level enhancement for managing or supervising other participants under U.S.S.G. § 3B1.1(b). The PSR found that Thompson's course of drug dealing involved all of the drugs he confessed to receiving from Lemos and reselling to others. It also calculated Thompson's criminal history category by including two felony convictions imposed when Thompson was sixteen, but for which he was sentenced as an adult.

Thompson's lawyer initially raised eight objections to the PSR, including objections to the three-level enhancement, the drug quantity determination, and the use of the two felony convictions mentioned above. At the beginning of the sentencing hearing, however, Thompson's lawyer withdrew all eight objections, including the three objections just described. In withdrawing his objections, Thompson's lawyer told the district court they were "more in the form of argument than . . . a dispute over the facts." The district court asked Thompson whether he opposed his lawyer's withdrawal of the eight objections, and Thompson responded, "No, sir." Thompson's lawyer then acquiesced in the guideline range recommended by the PSR and asked the district court "to consider the low end of the range of punishment."

The district court sentenced Thompson to 144 months imprisonment, which was within his guideline range of 140 to 175 months. Thompson's guideline range was based upon the PSR's recommendations of a three-level enhancement for being a manager or supervisor, a drug quantity composed of 200 pounds of marijuana and 2.5 kilograms of cocaine, and the two adult felony convictions imposed while Thompson was a minor. On appeal, represented by new counsel, Thompson challenges the district court's findings as to the three-level enhancement, the drug quantity, and his criminal history.

## II.    DISCUSSION

In their briefs, the parties agree that we should review Thompson's sentence for plain error. To constitute a plain error, a district court's decision must be (1) an error, (2) which is clear or obvious, and (3) which affects substantial rights. United States v. Olano, 507 U.S. 725, 733-35 (1993). In addition, although Rule 52(b) of the Federal Rules of Criminal Procedure gives us discretion to notice plain errors, we do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732, 736-37; United States v. Evans, 272 F.3d 1069, 1080 (8th Cir. 2001).

The plain error standard only applies when a defendant inadvertently fails to raise an objection in the district court. See Olano, 507 U.S. at 732-33; United States v. Gutierrez, 130 F.3d 330, 332 (8th Cir. 1997). In this case, Thompson's lawyer told the district court he was withdrawing all of his objections, including his objection to the enhancement for managing or supervising others. Thompson's lawyer then asked the district court to sentence Thompson at the low end of the guideline range, which the district court did. On appeal, Thompson cannot complain that the district court gave him exactly what his lawyer asked. See United States v. Murphy, 248 F.3d 777, 779-80 (8th Cir. 2001) (finding no plain error in the district court's failure to depart downward where the defendant's lawyer did nothing to seek such a departure but instead asked for a sentence at the low end of the sentencing range).

## III. CONCLUSION

"Only when the right is inadvertently left unasserted is the defendant saved by Rule 52(b)'s plain error review."  Id. at 779 (citing Olano, 507 U.S. at 733 and Gutierrez, 130 F.3d at 332).  Because the lawyer who represented Thompson in the district court withdrew Thompson's objections to the PSR, Thompson is precluded from arguing those objections on appeal.  Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.