# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3242

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Cesar Antonio Cortez-Rocha, | * | Western District of Arkansas. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: September 7, 2004
Filed: September 15, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Cesar Antonio Cortez-Rocha (Cortez) pleaded guilty to illegal reentry after deportation following an aggravated-felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court[1] sentenced him to 77 months imprisonment and 3 years supervised release. On appeal, Cortez's counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and has filed a brief in which he argues that (1) the sentence imposed for Cortez's 2001 Arkansas conviction for criminal impersonation should not have been counted in his criminal history score,

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

(2) the district court should have departed downward because Cortez's criminal history score was overstated, and (3) trial counsel was ineffective.

After careful review, we find that counsel's arguments lack merit. Cortez has not shown plain error in the district court's inclusion of his criminal-impersonation sentence in his criminal history score: the sentence included 37 days in jail, and Cortez has not shown that the jail time was imposed for any reason other than the criminal conviction or for his related contempt of court. See United States v. Evans, 285 F.3d 664, 674 (8th Cir. 2002) (standard of review), cert. denied, 537 U.S. 1196 (2003); U.S.S.G. § 4A1.2(c)(1) (sentences for certain offenses, including giving false information to police officer and contempt of court, and those similar to them, do not count in criminal history score unless defendant receives at least 1 year probation or 30 days imprisonment, or unless such prior offense is similar to instant offense). Further, Cortez waived his downward-departure argument by failing to move for departure in the district court, see United States v. Murphy, 248 F.3d 777, 779-80 (8th Cir. 2001), and Cortez's ineffective-assistance claim would be more properly raised in postconviction proceedings, see United States v. Smith, Nos. 03-2862, 03-3494, 2004 WL 1737335, at *1 (8th Cir. Aug. 4, 2004).

Following our independent review, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw.

_____