# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4073

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa. |
| Roberto Carlos Navarette-Benitez, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: November 4, 2007
Filed: December 12, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Roberto Navarette-Benitez (Navarette-Benitez) appeals the concurrent 86-month prison sentences the district court[1] imposed upon him after Navarette-Benitez pled guilty to (1) knowingly transporting illegal aliens for commercial advantage and private gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), and (2) reentering the United States after having been deported, in violation of 8 U.S.C. § 1326(a). Navarette-Benitez's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the district court erred in considering Navarette-Benitez's

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

prior convictions, for which he had already been punished, to assess a sentencing enhancement and calculate his criminal history.

We conclude Navarette-Benitez waived any challenges to the district court's Guidelines calculations when he withdrew his objections to the presentence report at the sentencing hearing. See United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002) (declining to review the district court's findings related to sentencing enhancement, drug quantity, and criminal history, even for plain error, where defendant's counsel withdrew any objections to the PSR at the sentencing hearing and asked for a sentence at the low end of the Guidelines range). To the extent counsel's brief may be construed as asserting a double jeopardy claim that was not waived at the sentencing hearing, we reject this claim. See United States v. Thomas, 930 F.2d 12, 13-14 (8th Cir. 1991) (stating the use of prior crimes to enhance a sentence does not violate the Double Jeopardy Clause).

We further conclude Navarette-Benitez's advisory Guidelines imprisonment range was correctly determined by the district court, and his within-Guidelines-range sentence is not unreasonable because nothing in the record suggests the court overlooked a relevant factor, gave significant weight to an improper factor, or made a clear error of judgment in weighing appropriate factors. See Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007) (allowing appellate presumption of reasonableness for within-Guidelines-range sentences); United States v. Denton, 434 F.3d 1104, 1113 (8th Cir. 2006) (ruling a within-Guidelines-range sentence is presumptively reasonable); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (listing factors to be considered when reviewing a sentence for reasonableness). After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

We grant counsel leave to withdraw, and we affirm.

_____