# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-4040

———————

| | |
|---|---|
| United States of America,      * | |
|      * | |
| Appellee,      * | |
|      * | Appeal from the United States |
| v.      * | District Court for the |
|      * | Northern District of Iowa. |
| Andres Hernandez-Carillo, also known      * | |
| as Jose Luis Perez-Mendez, also known      * | [UNPUBLISHED] |
| as Alberto Reyes,      * | |
|      * | |
| Appellant.      * | |

———————

Submitted: March 14, 2008
Filed: March 20, 2008

———————

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Andres Hernandez-Carillo (Hernandez-Carillo) appeals the 115-month prison sentence the district court[1] imposed after Hernandez-Carillo pled guilty to conspiring to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 846. Before sentencing Hernandez-Carillo, the district court granted the government's U.S.S.G. § 5K1.1 motion for a downward departure and calculated the

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

115-month sentence by reducing the low end of Hernandez-Carillo's advisory Guidelines imprisonment range by 15%.

In a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), Hernandez-Carillo's counsel seeks permission to withdraw and presents arguments challenging the reasonableness of the 115-month sentence. Upon review, we find these arguments unpersuasive. Contrary to counsel's first argument, we first conclude the district court adequately considered Hernandez-Carillo's cooperation and the risk it created to his family. <u>See</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2469 (2007) (explaining where the district court listened to the defendant's arguments for a downward departure and was fully aware of the relevant circumstances, a reviewing court could infer from the context and record the district court's conclusion that such circumstances did not warrant a lower sentence, even though the conclusion was not expressly stated). Second, to the extent Hernandez-Carillo's counsel argues the district court erred in its criminal history computation, the argument has been waived. <u>See</u> <u>United States v. Thompson</u>, 289 F.3d 524, 526-27 (8th Cir. 2002) (declining to review the district court's findings related to sentencing enhancement, drug quantity, and criminal history, even for plain error, where defendant's counsel withdrew objections to the PSR at the sentencing hearing and asked for a sentence at the low end of the Guidelines range). Third, we find the district court adequately and appropriately considered the section 3553(a) factors, and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or make a clear error of judgment in weighing appropriate factors—including Hernandez-Carillo's criminal past. <u>See</u> <u>United States v. Haack</u>, 403 F.3d 997, 1003-04 (8th Cir. 2005) (discussing standard for reasonableness review).

We also conclude arguments in Hernandez-Carillo's pro se supplemental brief are unavailing. Hernandez-Carillo's complaints regarding his counsel should be brought, if at all, in a proceeding under 28 U.S.C. § 2255. <u>See</u> <u>United States v. Harris</u>, 310 F.3d 1105, 1111-12 (8th Cir. 2002) (holding ineffective assistance of counsel

claims should generally be raised under § 2255 because normally the claims require development of facts outside the record).  To the extent Hernandez-Carillo is challenging the knowing and voluntary nature of his guilty plea, that claim is not properly before us because it was not presented to the district court.  See United States v. Mims, 440 F.2d 643, 644 (8th Cir. 1971) (per curiam) (declaring defendant's argument that his guilty plea was involuntary was not properly before the appellate court because defendant did not file a  motion in the district court to withdraw his guilty plea; involuntariness of a guilty plea must first be presented to the district court).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for direct appeal.  Thus, we grant counsel leave to withdraw, and we affirm.

_____