# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3521

_____

United States of America,      *
                                   *

         Appellee,          *    Appeal from the United States
                                   *    District Court for the
     v.                        *    Southern District of Iowa.
                                   *

Jason Cain Tallon,          *    [UNPUBLISHED]
                                   *

         Appellant.          *

_____

Submitted: February 6, 2009
Filed: February 9, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Jason Cain Tallon pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a), the district court[1] sentenced him to 90 months in prison and 3 years of supervised release, and ordered him to pay restitution. Counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which he argues that Tallon's sentence is unreasonable. In a pro se supplemental brief, Tallon complains that counsel failed to inform him that his acquiescence to a bank teller's description of Tallon's conduct during the robbery would negatively

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

impact his offense level in the form of dangerous-weapon and physical-restraint enhancements. We affirm.

Tallon's sentence, which was within the advisory Guidelines range, is not unreasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Lincoln*, 413 F.3d 716, 717-18 (8th Cir. 2005). The district court expressly considered relevant factors under 18 U.S.C. § 3553(a), and nothing in the record suggests that the court misapplied those factors. *See United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005). Tallon's claim of ineffective assistance of counsel is not properly raised in this direct criminal appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). To the extent Tallon challenges the district court's reliance on the teller's version of the robbery, as detailed in the presentence investigation report, to support the sentencing enhancements, the district court was entitled to rely on those facts because Tallon withdrew his objections to the teller's version of events and to the related specific offense characteristics. *See United States v. Thompson*, 289 F.3d 524, 526-27 (8th Cir. 2002) (declining to review findings related to sentencing enhancement, even for plain error, where defendant's counsel withdrew objections at sentencing).

Finally, after reviewing the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we conclude there are no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw and we affirm the judgment of the district court.

_____