# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2755

_____

United States of America,

*Plaintiff - Appellee,*

v.

Tania Henderson,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 25, 2014
Filed: April 4, 2014
[Unpublished]

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Tania Henderson directly appeals the sentence the district court[1] imposed after she pled guilty to one count of theft of United States government money, i.e., federal

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

income tax refunds to which she was not entitled, and four counts of identity theft. Her counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the district court's application, at sentencing, of U.S.S.G. § 3A1.1(b)(1) (vulnerable-victim enhancement). Henderson has filed a pro se supplemental brief, challenging the district court's applications of U.S.S.G. § 2B1.1(b)(2)(C) (number-of-victims enhancement), and U.S.S.G. § 2B1.1(b)(1)(I) (amount-of-loss enhancement).

To begin, we note that Henderson initially objected to the recommendations in the presentence report (PSR) that the district court apply the vulnerable-victim enhancement and the number-of-victims enhancement, but did not object to the recommendation that the court apply the amount-of-loss enhancement. At her sentencing hearing, both through her counsel and in her own statements to the court, she affirmatively withdrew her objection to the vulnerable-victim enhancement. The court therefore did not address that issue, but did carefully consider all the issues that were properly raised, and thoroughly explained its sentencing decision.

Turning to the issues raised on appeal, we first decline to consider the challenge to the vulnerable-victim enhancement, because Henderson waived it below. See United States v. Olano, 507 U.S. 725, 733 (1993) (waiver is intentional relinquishment or abandonment of known right and results in issue being unreviewable on appeal); United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002) (where lawyer who represented defendant in district court withdrew defendant's objections to presentence report, defendant was precluded from arguing those objections on appeal). As to the number-of-victims enhancement, we conclude, upon careful review of the PSR and the transcript of Henderson's sentencing hearing, that the district court did not clearly err in finding that Henderson's offense involved at least 250 victims. See United States v. Icaza, 492 F.3d 967, 969 (8th Cir. 2007) (in reviewing application of number-of-victims enhancement, appellate court reviews district court's interpretation and application of Guidelines de novo and its findings

of fact for clear error).  As to the amount-of-loss enhancement, we find no plain error. See United States v. Pazour, 609 F.3d 950, 951 (8th Cir. 2010) (per curiam) (when defendant does not object to enhancement, court reviews its application for plain error).

Finally, having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues.  Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Henderson about procedures for seeking rehearing or filing a petition for certiorari.

_____