United States Court of Appeals

For the Eighth Circuit

_____

No. 14-1510

_____

United States of America

*Plaintiff - Appellee*

v.

Samuel Anguiano Gonzales, also known as Larry Sosa

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 4, 2014
Filed: October 27, 2014
[Unpublished]

_____

Before BYE, SMITH, and KELLY, Circuit Judges.

_____

PER CURIAM.

Samuel Gonzales directly appeals the statutory-maximum sentences that the district court[1] imposed after he pled guilty to child-pornography offenses. His counsel

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging Gonzales's sentence and arguing that (1) the Guidelines calculations were incorrect, (2) the sentence is substantively unreasonable, and (3) the application of the Guidelines violated Gonzales's constitutional rights. For the reasons that follow, each of these arguments fails.

First, we conclude that Gonzales may not challenge the Guidelines calculations because he specifically agreed in his plea agreement to the application of all but one of the enhancements, and at sentencing he withdrew his objection to the remaining enhancement. See United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002) (where defense counsel withdrew objections to presentence report, defendant was precluded from arguing those objections on appeal); United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal). Second, we conclude that the within-Guidelines-range sentence was not substantively unreasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Third, construing counsel's constitutional argument as an Eighth Amendment challenge to the length of the sentence, we reject that challenge as meritless, see Harmelin v. Michigan, 501 U.S. 957, 994-96 (1991); and finally, having reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and counsel's motion to withdraw is denied until he advises Gonzales how to seek further relief through a petition for rehearing or filing a writ of certiorari.

_____