# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3200

_____

United States of America

*Plaintiff - Appellee*

v.

Julian Calvin Dinnwiddie

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: March 23, 2015
Filed: March 30, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Julian Calvin Dinnwiddie directly appeals the judgment the district court[1] entered in his criminal case after he pleaded guilty to counterfeit-securities and

_____

[1] The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

identity-theft charges. In a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel first argues that the district court erred in accepting Dinnwiddie's guilty plea. We conclude that, because Dinnwiddie did not move to withdraw his plea in the district court, any challenge to the voluntariness of his plea is not cognizable on direct appeal. See United States v. Umanzor, 617 F.3d 1053, 1060 (8th Cir. 2010).

In his pro se supplemental brief, Dinnwiddie argues that his Guidelines range was erroneously increased by applying certain offense-level enhancements. The record shows that Dinnwiddie knowingly and voluntarily waived in the district court his objection to the organizer-or-leader enhancement in exchange for a third-level acceptance-of-responsibility decrease, which the government had the discretion to either recommend or withhold. See U.S.S.G. § 3E1.1(b) & comment. (nn.3, 6). Thus, we will not review that enhancement on appeal. See United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002); United States v. Murphy, 248 F.3d 777, 779 (8th Cir. 2001). We find no plain error in the remaining offense-level enhancements, to which Dinnwiddie did not object in the district court. See U.S.S.G. § 2B1.1(b)(2)(A)(i), (b)(10)(A); United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008) (standard of review).

Counsel and Dinnwiddie both argue that the sentence was unreasonable. We find no abuse of discretion, as the court sentenced Dinnwiddie within the correctly calculated Guidelines range; imposed the statutorily required consecutive 24-month sentence for the aggravated-identity-theft counts; identified relevant 18 U.S.C. § 3553(a) factors in its sentencing analysis; and did not commit a clear error of judgment in weighing those factors. See 18 U.S.C. § 1028A(a)(1), (b); United States v. Kowal, 527 F.3d 741, 749 (8th Cir. 2008).

Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing appellant about the procedures for seeking rehearing from this court and for filing a petition for writ of certiorari.

_____