# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1129

_____

United States of America

*Plaintiff - Appellee*

v.

William Thomas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 10, 2018
Filed: February 13, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

William Thomas violated the conditions of his supervised release by selling heroin to a confidential informant. He requested 37 months' imprisonment and no

supervised release. The district court[1] sentenced him to 37 months' imprisonment and 14 months' supervised release. He appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews the substantive reasonableness of a "sentence on revocation of supervised release under the same reasonableness standard that applies to initial sentencing proceedings." *United States v. Boelter*, 806 F.3d 1134, 1136 (8th Cir. 2015) (internal quotation marks omitted). This court reviews "for plain error an argument not raised at sentencing." *United States v. Pate*, 518 F.3d 972, 975 (8th Cir. 2008). Under plain-error review, "the defendant has the burden to prove that there was (1) error, (2) that was plain, . . . (3) that affected substantial rights;" and (4) that "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). However, "[t]he plain error standard only applies when a defendant inadvertently fails to raise an objection in the district court." *United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002). When a defendant invites the error, "this court will not conduct plain-error review." *United States v. Campbell*, 764 F.3d 874, 879 (8th Cir. 2014).

Thomas believes his within-guidelines sentence is substantively unreasonable because the district court "erred in failing to *sua sponte* consider the impact" of his "learning disability, Attention Deficit Hyperactivity Disorder, and his behavior disorder on his ability to comply with the conditions of supervision." Thomas did not raise these issues at the revocation hearing; in fact, he affirmatively requested the 37-month sentence. Any alleged error is, therefore, unreviewable on appeal. *Id.* at 878 ("Where . . . a defendant knowingly and voluntarily waives a right, any error is unreviewable on appeal. In other words, [a]n erroneous ruling generally does not

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

-2-

constitute reversible error when it is invited by the same party who seeks on appeal to have the ruling overturned.") (internal citation and quotation marks omitted).

Even if Thomas had not requested the sentence, the district court did not err, let alone plainly err, in sentencing him within the guidelines. *See United States v. Murphy*, 248 F.3d 777, 779-80 (8th Cir. 2001) (finding no plain error in the district court's failure to depart downward where the defendant did not seek a departure but rather requested a sentence at the low end of the guidelines).

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____