# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2361
_____

United States of America,

*Plaintiff - Appellee,*

v.

Fabian Uribe, also known as Sporty,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: May 14, 2018
Filed: August 6, 2018
[Unpublished]
_____

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Fabian Uribe pleaded guilty to conspiracy to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced Uribe to 240 months'

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

imprisonment, followed by three years of supervised release. Uribe appeals, arguing that his sentence is unreasonably long. We conclude that the district court did not abuse its discretion, and we therefore affirm the judgment.

Uribe was sentenced in June 2015 and resentenced in June 2017 after he obtained limited relief under 28 U.S.C. § 2255. At the original sentencing, Uribe withdrew all objections to the presentence report, and the parties agreed that Uribe's advisory guideline sentence was the statutory maximum sentence of 240 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(C); USSG § 5G1.1. The court then imposed a 240-month sentence, followed by three years of supervised release. Uribe later sought relief under § 2255 on the ground that his attorney failed to file a timely notice of appeal. The government conceded that Uribe was entitled to resentencing so that he could pursue an appeal. But the parties stipulated that when Uribe was resentenced, the presentence report would not be reopened for new investigation or objections, and that Uribe could advance only sentencing arguments based on the factors under 18 U.S.C. § 3553(a).

Uribe argued at resentencing that the § 3553(a) factors supported a downward variance, focusing on his criminal history, his family history, his role in the offense, and the sentences that his co-conspirators had received. The district court disagreed and sentenced Uribe to 240 months' imprisonment, followed by three years of supervised release. Uribe argues on appeal that the sentence is unreasonably long. We review the court's decision under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and presume that a guideline sentence is reasonable because it accords with the recommendation of the Sentencing Commission. *United States v. Kimball*, 830 F.3d 747, 750 (8th Cir. 2016); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

Uribe first contends that the presentence report overstated his criminal history because under a recently enacted California statute, he is eligible to request that

several of his felony convictions be reclassified as misdemeanors. Uribe argues that taking California law into account, much of his criminal history involved "non-serious, non-violent misdemeanors." He asserts that criminal history category VI over-represented the seriousness of his criminal history, and that the district court should have departed downward under USSG § 4A1.3. Alternatively, he contends the court should have considered his overstated criminal history as a mitigating factor and varied downward from the 240-month guideline sentence.

By stipulating that he would raise arguments about only the § 3553(a) factors at resentencing, Uribe waived the right to argue for a downward departure for overstated criminal history under USSG § 4A1.3. On his argument for a variance under § 3553(a), the district court considered the impact of California's reclassification statute, but nevertheless found Uribe's criminal history "very aggravating." The court explained:

> You have a significant prior criminal history. It involves both drug convictions and firearm convictions, and there's a reason why you are in criminal history category six. And even if some of your prior convictions hadn't scored all of the points . . . you'd still be in criminal history category six. . . . [I]t wouldn't change your criminal history category and it certainly wouldn't change this Court's view about how it weighs the aggravating nature of your prior criminal history.

This reasoning is sound. The district court did not abuse its discretion by concluding that Uribe's lengthy criminal history weighed against a downward variance.

Uribe next argues that the district court erred in weighing his leadership role in the offense. He first complains that the probation office overstated his leadership role in the presentence report by assessing a two-level increase under USSG § 3B1.1(c). But again, Uribe withdrew his objections to the report and then agreed not to advance new objections at resentencing. He is therefore precluded from

challenging the guideline calculation on appeal. *United States v. Thompson*, 289 F.3d 524, 526-27 (8th Cir. 2002).

Uribe also contends that the district court should have varied downward from the guideline sentence based on his mitigating role in the offense. The district court thought Uribe's role was both aggravating and mitigating, but did not warrant a downward variance: "While it's aggravating that you had a leadership role, it's mitigating that you weren't the boss or the head of the organization. I think I can credit you with that." That Uribe was not the "boss" did not mandate a downward variance, because he still played an aggravating role. The district court acted within its discretion when it determined that any mitigating aspects of his role did not justify varying from the advisory guidelines.

Uribe also complains that the district court failed to accord proper weight to the need to avoid sentencing disparities among similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6). Uribe notes that his co-conspirators were sentenced to terms of 70 to 148 months' imprisonment for the same conspiracy, and asserts that his 240-month sentence created an unjustified sentencing disparity. But "[t]he statutory direction to avoid unwarranted disparities among defendants . . . refers to national disparities, not differences among co-conspirators, so [Uribe's] argument founders on a mistaken premise." *United States v. Pierre*, 870 F.3d 845, 850 (8th Cir. 2017). In any event, the district court explained that Uribe's co-conspirators had different criminal histories and were ultimately convicted of different offenses, so they were not similarly situated. The court did not abuse its discretion in applying § 3553(a)(6).

Finally, Uribe argues that his family history and his underprivileged childhood warranted a downward variance. The court recognized that Uribe's "upbringing was certainly less than ideal," but ultimately reasoned that aggravating factors—Uribe's significant criminal history, the quantity of drugs involved in the offense, and the other circumstances surrounding the crime—outweighed mitigating factors that might

otherwise justify a variance. A sentencing court "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence," *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009), and we see no abuse of discretion in the court's decision to impose a presumptively reasonable guideline sentence of 240 months' imprisonment.

The judgment of the district court is affirmed.

_____