# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3070

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Garcia-Maldonado

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: December 30, 2021
Filed: January 13, 2022
[Unpublished]

_____

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Juan Garcia-Maldonado appeals the sentence the district court[1] imposed after he pleaded guilty to a drug offense. His counsel has moved for leave to withdraw,

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the drug quantity attributed to him, and arguing that the sentence was substantively unreasonable.

We conclude that Garcia-Maldonado waived any challenges to drug quantity attributed to him when he withdrew his objections to the presentence report (PSR) at the sentencing hearing. *See United States v. Stoney End of Horn*, 829 F.3d 681, 687-88 (8th Cir. 2016) (concluding that defendant waived his challenge to the application of a sentencing enhancement when he withdrew his objection to the enhancement in the district court); *United States v. Thompson*, 289 F.3d 524, 526-27 (8th Cir. 2002) (declining to review findings related to a sentencing enhancement, drug quantity, and criminal history, even for plain error, where defendant withdrew his objections to the PSR).

We also conclude that Garcia-Maldonado's sentence was not substantively unreasonable, as there is no indication that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors, *see United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (explaining that this court reviews the imposition of sentences for abuse of discretion; a district court abuses its discretion when it fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors).

We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____