# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2210
_____

United States of America

*Plaintiff - Appellee*

v.

Juan Emilio Gomez-Padilla

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 17, 2025
Filed: July 22, 2025
[Unpublished]
_____

Before SMITH, SHEPHERD, and KOBES, Circuit Judges.
_____

PER CURIAM.

After Juan Emilio Gomez-Padilla pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, he and the government jointly recommended that the district court[1] impose

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

a sentence of 138 months' imprisonment. The district court imposed the requested sentence. Gomez-Padilla now challenges that sentence. We affirm.

## I. *Background*

On April 5, 2021, a Missouri State Highway Patrol trooper pulled over a vehicle with excessively tinted windows after it cut off a commercial vehicle. The car had three occupants: a driver, Gomez-Padilla in the front passenger seat, and a passenger in the rear driver's side seat. The trooper smelled marijuana and saw it in the car. When the trooper searched Gomez-Padilla, "the trooper discovered a ten-dollar bill in [his] hand, containing approximately three grams of methamphetamine." R. Doc. 102, at 2. The trooper searched the trunk and found "four white cardboard boxes containing 36 packages of a white crystal substance"— later confirmed to be 88.7 pounds of methamphetamine. *Id.* at 3. In the rear-driver's-side door pocket, the trooper found a Smith and Wesson .380 caliber handgun with one live round of ammunition, an inserted magazine with five rounds, and a second magazine with four more live rounds. The trooper arrested all three occupants.

Gomez-Padilla was charged with (1) conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count I); (2) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count II); (3) possession of a firearm in connection with drug trafficking, in violation of 21 U.S.C. § 924(c)(1)(a)(i) (Count III); and (4) criminal forfeiture, under 21 U.S.C § 853, for the contraband in the car. Gomez-Padilla pleaded guilty to Count I and admitted the forfeiture allegations; in exchange, the government dismissed Counts II and III. In the plea agreement,[2]

---

[2]In the plea agreement, Gomez-Padilla waived his "right to appeal any sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence." R. Doc. 102, at 13. The agreement said that an illegal sentence did not include "a misapplication or miscalculation of the Sentencing Guidelines, an abuse of discretion, the imposition of an unreasonable sentence, or the imposition of a sentence different from that recommended by either party." *Id.* At the change-of-plea hearing, the magistrate judge told Gomez-Padilla that he was "waiving [his]

Gomez-Padilla "agreed that the [offense] level [was] not less than a base offense level 36" under the Sentencing Guidelines. R. Doc. 102, at 9. Further, "[t]he parties agree[d] to jointly recommend a sentence of 138 months imprisonment." *Id.* at 10.

The presentence investigation report (PSR) calculated a base-offense level of 36—as the parties agreed—and recommended a two-level increase under U.S.S.G. § 2D1.1(b)(1) due to the firearm in the vehicle and a three-level reduction under § 3E1.1(a) for acceptance of responsibility. Gomez-Padilla had no prior criminal convictions, so his criminal history score was zero. With a total offense level of 35 and a criminal history category of I, the PSR recommended a Guidelines range of 168 to 210 months' imprisonment.

At sentencing, the district court asked if the parties had any objections to the PSR, and Gomez-Padilla's counsel said no. The district court then "adopt[ed] the [PSR] in its entirety" and found a "total offense level of 35, a criminal history category of I, and a [G]uideline[s] range of 168 to 210 months in . . . custody." R. Doc. 120, at 3–4. Both parties asked for 138 months' imprisonment. Specifically, Gomez-Padilla's counsel "note[d] that the codefendants . . . receive[d] 138 months" and said that was "a sufficient sentence to address all of the [sentencing] factors." *Id.* at 7. The district court discussed the sentencing factors in 18 U.S.C. § 3553(a), including the large quantity of drugs involved. Looking at those factors, the district court "agree[d] that a sentence of 138 months, the same sentence that the two other individuals in the car received, [was] sufficient but not greater than necessary under the federal sentencing statute." R. Doc. 120, at 10.

---

right to appeal . . . the judge's sentencing decision in this case," and Gomez-Padilla said that he understood. R. Doc. 104, at 20. The magistrate judge then said there were "exceptions to that waiver" and mistakenly said that one such exception was "any sentencing decision." *Id.* When Gomez-Padilla appealed his sentence, the government moved to dismiss and argued that he waived the appeal. A panel of this court denied the motion.

## II. *Discussion*

Gomez-Padilla argues that (1) the district court erroneously applied the U.S.S.G. § 2D1.1(b)(1) enhancement because there was no evidence that he possessed the firearm in the vehicle; (2) he should have received a two-level decrease under § 4C1.1 because he was a zero-point offender who met the eligibility requirements; and (3) because of those errors, the district court sentenced him under the incorrect Guidelines range, and his sentence was unreasonable. We need not address Gomez-Padilla's arguments, however, because we find that he invited any error that he alleges by requesting the sentence that the district court imposed.

"Under the invited error doctrine, a defendant who invites the district court to make a particular ruling waives his right to claim on appeal that the ruling was erroneous." *United States v. Corn*, 47 F.4th 892, 895 (8th Cir. 2022). "A defendant cannot complain on appeal that the court proceeded in a way that his lawyer requested." *Id.* For example, in *United States v. Rulford*, the defendant agreed to "a joint recommendation for a sentence of 120 months" in a plea agreement, and "[c]onsistent with [that] agreement, the parties requested at sentencing that the district court impose a 120-month sentence." No. 22-3196, 2023 WL 4760735, at *1 (8th Cir. July 26, 2023) (unpublished per curiam). The district imposed the requested sentence. We held that the "invited error doctrine preclude[d] [the defendant] from challenging his sentence on appeal" because the defendant "specifically requested the sentence the district court imposed." *Id.*

*Rulford*, though not controlling, is on point. Consistent with his plea agreement, Gomez-Padilla requested a sentence of 138 months' imprisonment, which his counsel said was "a sufficient sentence to address all of the factors." R. Doc. 120, at 7. Like *Rulford*, Gomez-Padilla "specifically requested the sentence the district court imposed." 2023 WL 4760735, at *1. Thus, "his claim[s] [are] foreclosed by the invited error doctrine." *Id.*; *see also United States v. Murphy*, 248 F.3d 777, 779–80 (8th Cir. 2001) (holding that a defendant "waived his right to object [on appeal] to the government's failure to move for a downward departure" because he did not object to the PSR, never indicated that he felt he was entitled to

the departure, and "asked only that he be sentenced at the bottom of the sentencing range," which the district court did). Gomez-Padilla "cannot now complain when he received what he asked for." *Murphy*, 248 F.3d at 780; *see also United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002) (holding that the defendant was precluded from arguing objections to the PSR on appeal that his lawyer withdrew at sentencing because his lawyer asked that he be sentenced at the low-end of the Guidelines range, which the district court did, and he "cannot complain that the district court gave him exactly what his lawyer asked").

### III. *Conclusion*

We therefore affirm the judgment of the district court.

_____