

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-2007

# USA v. Esperanza-Vasquez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3179

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Esperanza-Vasquez" (2007). *2007 Decisions.* Paper 1812.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1812

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3179

UNITED STATES OF AMERICA

v.

MIGUEL A. ESPERANZA-VASQUEZ
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS
D.C. Crim. No. 97-cr-00012-01
Chief Judge: The Honorable Raymond L. Finch

Submitted Under Third Circuit LAR 34.1(a)
December 7, 2006

Before: McKEE, BARRY and STAPLETON, Circuit Judges

(Opinion Filed: January 5, 2007)

OPINION

BARRY, Circuit Judge

Miguel Esperanza-Vasquez ("Vasquez") appeals from the revocation of his

1

supervised release. Because we write only for the parties, who are already familiar with the facts of this case, we will not restate those facts except as necessary for our analysis.

Vasquez pled guilty to three counts of a 37-count indictment on May 28, 1997. On October 28, 1997, he was sentenced, as relevant here, to 21 months imprisonment, five years supervised release, and $144,455 in restitution to repay the individuals and institutions he had defrauded. By order dated March 24, 2004, the District Court found that Vasquez violated the terms of his supervised release by failing to make restitution, and, at Vasquez's request because "today he got a job," SA 15, extended his term of supervised release for five years and ordered monthly payments of $250. Failure to make two consecutive payments shall, the Court ordered, result in the revocation of supervised release. Not surprisingly, given Vasquez's request for the extended term and consent to its terms, no timely appeal was taken.

While on supervised release, Vasquez was convicted in the Superior Court of the Virgin Islands of committing another crime–obtaining money under false pretenses–and was sentenced to five years imprisonment. At his supervised release revocation hearing, Vasquez conceded the new conviction and did not challenge the revocation or the fact that more than a year earlier, his supervised release had been extended at his request. By order dated June 1, 2005, the District Court revoked supervised release and sentenced Vasquez to a term of imprisonment of 21 months to be served consecutive to the sentence imposed by the Superior Court of the Virgin Islands.

Vasquez does not argue that the revocation of supervised release was not warranted, nor could he given the new criminal conviction. Rather, he argues that the District Court committed plain error when it, "as a result of an agreement between the parties, extended the probationary [sic] period of the appellant for a second period of five (5) years after the maximum authorized term was previously imposed." Appellant's Br. at 4. We will affirm.[1]

## I.

The District Court had jurisdiction under 48 U.S.C. § 1612. We have jurisdiction over a final judgment of the District Court under 28 U.S.C. § 1291. While this appeal is nominally taken from the order revoking his supervised release, in fact what Vasquez is challenging is the two year-old order extending his supervised release, the very order he requested. Assuming there is no impediment to this belated challenge, our review would be for plain error. Fed. R. Crim. P. 52(b); *United States v. Bernard*, 373 F.3d 339, 341 (3d Cir. 2004). To establish plain error, a defendant must prove that the court erred, that the error was obvious under the law, and that the error affected the substantial rights of the defendant. *Bernard*, 373 F.3d at 341. The discretion to correct the error should only be exercised where the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*; *United States v. Cotton*, 535 U.S. 625, 631-32 (2002).

---

[1] We reject without further discussion Vasquez's contention that because the District Court mistakenly said the 1997 conviction occurred in 2004, "it considered in its sentence of the appellant a conviction that did not exist." Id.

3

As noted above, Vasquez argues that the District Court erred when it extended his period of supervised release past the statutorily authorized term. Under 18 U.S.C. § 3583(b)(1), the maximum term of supervised release is five years. Section 3583(e)(2) states that, to the extent that the maximum period was not imposed originally, supervised release may only be extended to the maximum term authorized in subsection (b). Because the District Court imposed a term of supervised release beyond the five year maximum, we will assume that error was committed. The government concedes this point in their brief. Appellee's Br. at 10.

Nonetheless, we will not allow Vasquez's challenge to an order that he sought and did not contest until he failed to conform to its terms. Judicial estoppel bars "playing fast and loose with the courts." Mintze v. American Fin. Servs, Inc. (*In re* Mintze), 434 F.3d 222, 232 (3d Cir. 2006) (quoting Scarano v. Cent. R. Co. of N.J., 203 F.2d 510, 513 (3d Cir. 1953)). Three factors "typically inform the decision of whether to apply" judicial estoppel in a particular case, New Hampshire v. Maine, 532 U.S. 742, 750-51 (2000), i.e. whether the party's position in the course of litigation is "clearly inconsistent[,]" whether a court adopted the earlier position such that acceptance of the later position would "create the perception that either . . . court was misled," id. at 750 (internal quotes and citations omitted), and whether the party asserting the "inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

4

<u>Id</u>. at 751.  Here, all three factors weigh in favor of imposing judicial estoppel.  Vasquez will be bound by the extension of supervised release he asked for and received.

The order of the District Court will be affirmed.