**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4750**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

LEVELLE GRANT,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:14-cr-00412-DCN-1)

_____

Argued:  October 26, 2016          Decided:  December 16, 2016

_____

Before THACKER and HARRIS, Circuit Judges, and Gerald Bruce LEE,
United States District Judge for the Eastern District of
Virginia, sitting by designation.

_____

Affirmed by unpublished opinion.  Judge Harris wrote the
opinion, in which Judge Thacker and Judge Lee joined.

_____

**ARGUED:** Howard Walton Anderson III, LAW OFFICE OF HOWARD W.
ANDERSON III, LLC, Pendleton, South Carolina, for
Appellant.  Michael Rhett DeHart, OFFICE OF THE UNITED STATES
ATTORNEY, Charleston, South Carolina, for Appellee. **ON
BRIEF:** William Nettles, United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

Levelle Grant pleaded guilty to two counts of possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q). The district court sentenced Grant to ten years' imprisonment, the statutory maximum. The court also imposed a three-year term of supervised release, along with a $100 special assessment on each count.

Grant does not challenge his convictions under § 922(q), but he does appeal his sentence. According to Grant, his three-year supervised-release term and the $100 monetary assessments are contrary to the plain language of § 922(q)'s penalty provision and thus unlawful. Grant also contends that his ten-year prison sentence is procedurally and substantively unreasonable. Finding no reversible error, we affirm.

**I.**

During a period of less than one year in 2013 and 2014, Grant, who previously had been convicted of felony offenses, was apprehended three times while in possession of a firearm. First, in May 2013, law enforcement in Colleton County, South Carolina, attempted to initiate a traffic stop of Grant's vehicle. Grant accelerated to over 100 mph, forced another car to the side of the road, and eventually crashed. The police searched the vehicle and found a .45 caliber handgun, marijuana,

2

a set of scales, and cash.  Grant was arrested and charged with state crimes including possession of a firearm by a felon.

Two subsequent incidents involved firearm possession near a school.  In September 2014, investigators interviewed Grant's girlfriend, who admitted that she recently had bought a Jimenez 9mm pistol for Grant.  She then agreed to place a recorded call to Grant and asked him to deliver the pistol to her.  At a Wal-Mart that was within 1,000 feet of a middle school, Grant gave the gun to his girlfriend, who turned it over to law enforcement.

The final incident occurred in February 2014, when the South Carolina Highway Patrol attempted to stop Grant's vehicle on an interstate highway.  Grant accelerated to speeds of 80 to 90 mph before eventually stopping on a side street, within 1,000 feet of an adult education center.  During a search of his vehicle, police found a loaded semi-automatic Hi-Point 9mm handgun.  Grant again was arrested and charged with state crimes.

Grant was indicted in the District of South Carolina with three counts of possession of a firearm by a convicted felon, see 18 U.S.C. § 922(g)(1), and as an armed career criminal, see 18 U.S.C. § 924(e).  Violations of § 922(g) ordinarily carry a maximum sentence of ten years' imprisonment and no mandatory minimum.  18 U.S.C. § 924(a)(2).  But when a defendant has at

3

least three prior convictions for a "violent felony," the Armed Career Criminal Act ("ACCA") calls for a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e). The parties agreed that the ACCA fifteen-year minimum applied to Grant, by virtue of three prior South Carolina convictions of second-degree burglary.

Because those burglary convictions occurred in the 1990s when Grant was a juvenile, however, the government believed that a fifteen-year sentence was unwarranted. Accordingly, it allowed Grant to plead guilty instead to two counts of possession of a firearm in a school zone, § 922(q), punishable by a maximum sentence of five years on each count, § 924(a)(4). The government informed Grant that it intended to seek that statutory maximum penalty, for a total of ten years' imprisonment. With Grant's consent to the agreement, the government filed a superseding indictment, and Grant pleaded guilty to two violations of § 922(q).

Grant's presentence report ("PSR") calculated an advisory Guidelines range of 18 to 24 months for his convictions under § 922(q). But consistent with its representations during plea negotiations, the government filed a motion to deviate from that range in favor of the ten-year statutory maximum. Specifically, the government sought a departure under U.S.S.G. § 5K2.21, which provides that a court may depart upward from the Guidelines

4

range based on conduct underlying charges dismissed in a plea agreement. It also sought an upward variance, or deviation above the Guidelines range based on an assessment of the sentencing factors set out in 18 U.S.C. § 3553(a). The variance was warranted, the government argued, under § 3553(a) factors such as the need to protect the public and promote respect for law, in light of Grant's pattern of dangerous conduct. Grant's counsel, on the other hand, asked the court to consider a sentence within the Guidelines range, while acknowledging that even the upper end of that 18- to 24-month range might be "too light." J.A. 69.

At the sentencing hearing, the district court started out by putting the proposed ten-year sentence in context: "I think everybody agrees that but for [the government's] . . . generosity . . . Mr. Grant would certainly be going to jail for at least 15 years, if not more, because there's a mandatory minimum of 15." J.A. 76. The court then analyzed the statutory sentencing factors of § 3553(a), including the nature and circumstances of Grant's § 922(q) offenses; Grant's history and characteristics; and the need, through sentencing, to reflect the seriousness of Grant's offense, promote respect for law, and protect the public. See 18 U.S.C. § 3553(a). In applying those factors, the court emphasized that Grant repeatedly, over the course of less than a year, engaged in illegal possession of a

5

firearm; that he involved his girlfriend in a felony; and that he fled from the police in a manner that endangered others. Invoking both U.S.S.G. § 5K2.21 and a variance pursuant to the § 3553(a) factors, the district court sentenced Grant to the maximum statutory term of 60 months for each of his two § 922(q) violations, served consecutively, for a total of ten years' imprisonment.

The district court also imposed a three-year term of supervised release under 18 U.S.C. § 3583, and special assessments of $100 for each count under 18 U.S.C. § 3013. Both of those penalties rested on the premise that Grant's § 922(q) convictions were for felony offenses. See 18 U.S.C. § 3583(b)(2)–(3)(maximum supervised release term of three years for Class C and D felonies, one year for misdemeanors); id. at § 3013(a)(1)–(2) (maximum assessment of $100 for felonies, $25 for classified misdemeanors). Grant's PSR listed a maximum three-year term for supervised release and a $100 special assessment, and those penalties were discussed at Grant's plea and sentencing hearings. At no point did Grant object to § 922(q)'s treatment as a felony for sentencing purposes.

This timely appeal followed.

6

Grant's first contention on appeal is that the district court improperly classified his § 922(q) convictions as felonies rather than misdemeanors for the purpose of determining his term of supervised release and special assessment. Because Grant failed to raise this argument before the district court, we review for plain error only. United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015). An error is plain if it is contrary to the settled law of the Supreme Court or this circuit. United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013). Even then, it may be corrected only if it affects substantial rights and "seriously affects the fairness, integrity or public reputation of judicial proceedings." See Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks and citation omitted).

Grant's argument rests on the interplay of three statutory provisions. As noted above, under 18 U.S.C. § 3583, the authorized term of supervised release for a Class D felony is capped at three years, while the maximum term for a misdemeanor is one year. And similarly, under 18 U.S.C. § 3013, the special assessment for a felony is $100, while the assessment for a misdemeanor ranges from $25 for a Class A misdemeanor to nothing for a misdemeanor without a letter grade. In imposing a term of three years' supervised release and two $100

assessments, in other words, the district court treated Grant's § 922(q) convictions as Class D felonies.

How to classify offenses for sentencing purposes is governed by a separate statute, 18 U.S.C. § 3559. Under that provision, any "offense that is not specifically classified by a letter grade in the section defining it" is classified by "the maximum term of imprisonment authorized," with an offense punishable by "less than ten years but five or more years" treated as a Class D felony and any offense punishable by one year or less as a non-felony. See 18 U.S.C. § 3559(a)(4),(6)–(9). So under § 3559, Grant's convictions under § 922(q), each punishable by a maximum of five years' imprisonment, normally would be classified as Class D felonies.

But Grant points to a final statute, 18 U.S.C. § 924(a)(4), which establishes the penalty for a § 922(q) violation. That provision authorizes a five-year maximum sentence and then states: "Except for the authorization of a term of imprisonment of not more than 5 years made in this paragraph, <u>for the purpose of any other law a violation of § 922(q) shall be deemed to be a misdemeanor</u>." <u>Id.</u> at § 924(a)(4) (emphasis added). That language, Grant argues, is perfectly plain, directing that "for the purpose" of § 3583 (supervised release) and § 3013 (special assessments) – undoubtedly laws "other" than § 924(a)(4) – his § 922(q) convictions are to be treated as misdemeanors, subject to

8

no more than a one-year term of supervised release and to no special assessments at all.

The First Circuit recently rejected precisely this argument, on plain error review, in United States v. Alvira-Sanchez, 804 F.3d 488, 494-95 (1st Cir. 2015), cert. denied, 136 S. Ct. 2030 (2016). As in this case, the district court in Alvira-Sanchez treated a § 922(q) offense as a felony for purposes of imposing a three-year term of supervised release under § 3583 and a $100 assessment under § 3013. The First Circuit acknowledged that an interpretation of § 922(q)'s penalty provision allowing this result "may not be the most persuasive reading." Id. at 495. Nevertheless, it concluded that any error committed was not plain, in light of imprecision in the statutory framework and the fact that other district courts also have treated § 922(q) offenses as felonies for sentencing purposes. Id.

We agree. As the government argues, though it "is not immediately obvious" on the face of § 922(q), Appellee Br. at 8, it is perhaps possible to read that provision in conjunction with § 3559's classification scheme in a way that would make § 922(q) a felony offense. Section 3559, the government notes, governs any "offense that is not specially classified by a letter grade in the section defining it." 18 U.S.C. § 3559(a). Because § 922(q)'s penalty description refers only to "a

misdemeanor" and does not use a letter grade, the government reasons, § 3559(a)'s default classification system applies, classifying a § 922(q) offense by reference to its maximum term of imprisonment.

Like the First Circuit, we cannot conclude that this interpretation is so plainly erroneous as to warrant reversal absent a properly preserved objection. No case from the Fourth Circuit – or any other federal court of appeals – has adopted Grant's reading of § 922(q)'s penalty provision. Nor has any district court within the Fourth Circuit.[1] Instead, a number of courts have taken the same approach as the district court here, treating § 922(q) offenses as felonies for sentencing purposes. See, e.g., United States v. Nieves-Castano, 480 F.3d 597, 599 (1st Cir. 2007) (§ 922(q) offender sentenced to three-year term of supervised release); United States v. Handy, 8 F.3d 20, 1993 WL 455551 (5th Cir. 1993) (unpublished table decision) (same); Hough v. United States, No. 3:13-cv-143-FDW, 2015 WL 127881, at *1 (W.D.N.C. Jan. 8, 2015) (unpublished) (same). That the government's understanding of § 922(q) appears to have been

_____

[1] Grant can cite only one district court decision treating a § 922(q) violation as a misdemeanor for purposes of supervised release – and that decision, we note, also appears to have treated the same § 922(q) violation as a felony for purposes of the special assessment. See United States v. Rivera-Concepcion, No. CRIM. 07-169 CCC, 2007 WL 1852608, at *2 (D.P.R. June 25, 2007) (limiting supervised release in connection with a § 922(q) violation to one year, but imposing a $100 special assessment).

10

adopted by a handful of courts – without any analysis, we note – does not mean that it is correct. But as the First Circuit explained in Alvira-Sanchez, "that other courts have fallen prey to the same error, if error indeed there was here, [does] demonstrate that any misconstruction on the part of the district court was not obviously erroneous." 804 F.3d at 495. On plain error review, that is enough to dispose of Grant's claim.

## III.

We turn now to Grant's challenge to his ten-year prison sentence as procedurally and substantively unreasonable. We review the reasonableness of a sentence under the deferential abuse of discretion standard. United States v. Lynn, 592 F.3d 572, 579 (4th Cir. 2010). This court first assesses whether the district court committed any procedural errors, which may include incorrectly calculating the Guidelines range, failing to adequately consider the § 3553(a) factors, or providing an insufficient justification for the sentence. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). If the sentence is procedurally reasonable, we then review its substantive reasonableness in light of the totality of the circumstances. Gall, 552 U.S. at 51.

11

As noted above, the district court, invoking both a § 5K2.21 departure and a variance under § 3553(a), sentenced Grant to the ten-year statutory maximum for two § 922(q) offenses, well above the advisory Guidelines range of 18 to 24 months. With respect to procedural reasonableness, Grant's primary argument is that the district court erred by failing to address separately the § 5K2.21 departure and the variance when it explained its sentencing decision. According to Grant, the district court was required to first rule on the government's request for a departure under § 5K2.21, and only then consider any potential variance under § 3553(a)'s sentencing factors. Because the court did not adhere to this sequence, Grant argues, it failed to adequately explain what portion of its sentence was based on a departure as opposed to a variance.

We rejected a nearly identical claim in United States v. Diosdado-Star, 630 F.3d 359, 364-65 (4th Cir. 2011). In light of Rita v. United States, 551 U.S. 338 (2007), and Gall v. United States, 552 U.S. 38 (2007), we reasoned, "the practical effects of applying either a departure or a variance are the same," and the method by which a district court deviates from an initial Guidelines range affects neither the justification that court must provide nor the appellate review in which we engage. 630 F.3d at 365. Whether a district court has relied on a departure or a variance is "irrelevant," we concluded, so long

12

as either is justified, and there is no requirement that a district court address a potential departure before considering a variance. Id. at 366. Whether it applies a departure, a variance, or both, what matters is only that the district court give "serious consideration to the extent" of any deviation and "adequately explain the chosen sentence." Id. (quoting Gall, 552 U.S. at 46, 50); United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008) (review of sentence does not depend on whether departure or variance provides the basis for a deviation).

Under that standard, we can find no fault with the sentencing procedures of the district court. At the sentencing hearing, the district court provided a lengthy and careful explanation for its upward deviation, analyzing Grant's history and the details of his offenses under the § 3553(a) factors. The district court's obligation was to "provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review," United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks and citations omitted), and it has amply satisfied that obligation here.[2]

---

[2] Grant also objects to certain isolated comments made by the government and the district court during sentencing. Taken in context, those comments do nothing to detract from the adequacy of the district court's explanation and are not otherwise problematic.

13

Finally, we consider the substantive reasonableness of Grant's sentence. We are mindful that Grant's ten-year sentence represents a substantial upward deviation from the advisory Guidelines range of 18 to 24 months, and that the justification for a sentence must "support the degree of the variance," with a "major departure . . . supported by a more significant justification than a minor one." Evans, 526 F.3d at 161 (quoting Gall, 552 U.S. at 50). At the same time, a significant deviation from the Guidelines range does not render a sentence presumptively unreasonable, and we show "due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance." Id. at 161-62 (quoting Gall, 552 U.S. at 51).

Taking into account the "totality of the circumstances," as we must, id. at 161, we find no abuse of discretion in the district court's sentencing determination. As the district court emphasized at the start of Grant's sentencing hearing, the ten-year sentence it ultimately imposed was substantially shorter than the fifteen-year mandatory minimum Grant would have faced under his original indictment, but for the plea agreement offered by the government. Section 5K2.21 of the Guidelines, on which the district court relied, addresses just this situation, and allowed for an upward departure based on the § 922(g) felon-in-possession charges dismissed under the plea agreement.

14

Moreover, as the district court emphasized, Grant had a lengthy criminal history, engaged in a repeated pattern of unlawful possession of a firearm over a short period of time, had in his car items indicative of drug distribution, involved his girlfriend in his illegal activities, and twice initiated high-speed and dangerous car chases that put others at serious risk. Under the "deferential abuse-of-discretion standard," Evans, 526 F.3d at 166 (quoting Gall, 522 U.S. at 41), we have no ground to disturb the district court's judgment that a ten-year prison sentence was warranted in this case.

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

15