# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-1904

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Francis Stanford Stricker,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the District of South Dakota - Central

——————————

Submitted: February 16, 2021
Filed: July 9, 2021

——————————

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

Francis Stricker was indicted on a charge of assaulting a dating partner by strangulation or suffocation, in violation of 18 U.S.C. § 113(a)(8). At trial, the district court[1] instructed the jury on both the charged offense and a lesser-included

———————————————

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Court for the District of South Dakota.

offense of simple assault. The jury acquitted Stricker of assault by strangulation, and convicted him of simple assault. *See id.* § 113(a)(5). Stricker appeals his conviction, and we affirm.

Stricker was in a romantic relationship with a woman in Mission, South Dakota. On August 7, 2018, Stricker and his dating partner had an argument that led to a physical altercation. They "pushed and pulled on each other" and fell to the floor. The woman testified that Stricker grabbed her neck, straddled her, and choked her until she lost her vision and urinated on herself. Stricker admitted that he pushed the woman, but denied strangling her. An officer who responded to the incident reported feeling a lump on the back of the woman's head, but did not see bruising on her neck. A physician's assistant who examined the woman the next day observed bruising on her neck.

A grand jury charged Stricker with assaulting a dating partner by strangulation, and the case proceeded to a jury trial. After the government presented its case in chief, the court asked whether either party intended to request an instruction on a lesser-included offense. The government requested such an instruction. The parties discussed whether the appropriate lesser-included offense was assault by striking, beating, or wounding, *see* 18 U.S.C. § 113(a)(4), or simple assault. *See id.* § 113(a)(5). The government suggested the former, but Stricker argued that "if the Court were to give a lesser-included, that simple assault would be the appropriate" choice.

When the district court presented the proposed jury instructions, Stricker objected to the lesser-included offense instruction in one respect. Although he did not "object to the instruction as drafted" because it was his "position that simple assault is the appropriate lesser-included offense," he objected to any lesser-included offense instruction at all. But he noted again that "if the Court is to give one, this [*i.e.*, simple assault] is the one that the defense thinks is appropriate." The court

overruled Stricker's general objection and instructed the jury on the lesser-included offense of simple assault. The jury acquitted Stricker of assault by strangulation, but found him guilty of simple assault.

On appeal, Stricker argues that the district court erred in instructing the jury because simple assault is not a lesser-included offense of assault by strangulation. The government responds that Stricker invited the error by agreeing that simple assault was the "appropriate lesser-included offense," and, in any event, that the instruction was not erroneous.

Taking the waiver issue first, the question is whether Stricker's assent to "the instruction as drafted," and his agreement that simple assault was "the appropriate lesser-included offense," amounted to a waiver of the issue that he now appeals. "[W]hen a defendant specifically requests a particular instruction, he gives up the right to appeal any error in that instruction." *United States v. Mariano*, 729 F.3d 874, 881 (8th Cir. 2013). In other words, the defendant has "invited" the alleged mistake, and there can be no reversible error. *Id*. at 880.

Stricker expressly urged the district court that simple assault was "the appropriate lesser-included offense." Stricker nonetheless contends that he did not invite the error because his statement was a "*conditional* indication of instructional preference" if the court overruled his "maintained objection" to any lesser-included instruction at all. On appeal, however, Stricker does not renew his "maintained objection" that no lesser-included instruction was warranted. He argues only the "conditional" question of whether simple assault was the appropriate lesser-included offense. On that question, he invited any alleged error by urging the district court to instruct on simple assault rather than on assault by striking, beating, or wounding.

Citing *United States v. Ramos*, 852 F.3d 747, 752-53 (8th Cir. 2017), Stricker also contends that the issue was preserved, despite his invitation to give the simple

-3-

assault instruction, because the district court considered the defendant's possible objection on its own initiative. *Ramos*, however, did not involve an express waiver by the defendant, but rather a forfeiture: the defendant did not move for judgment of acquittal, so his later challenge to sufficiency of the evidence ordinarily would have been reviewed for plain error. *Id.* at 752 (citing *United States v. Calhoun*, 721 F.3d 596, 600 (8th Cir. 2013)). The court in *Ramos* treated the question of sufficiency as preserved where the district court raised and ruled on the issue *sua sponte*. The district court's action in *Ramos* satisfied the purpose of the contemporaneous objection requirement by giving the court an opportunity to prevent or correct a mistake in the first instance. *Id.* at 752-53.

The invited error doctrine has a different purpose. It prevents a defendant from leading the district court "down a primrose path" and later, on appeal, profiting from the invited error. *United States v. Gates*, 709 F.3d 58, 63 (1st Cir. 2013). That a district court states its agreement with the defendant's request does not open the door to sandbagging. Stricker waived his objection to the instruction on simple assault.

Even if Stricker had not waived his challenge, however, the court did not abuse its discretion. Federal Rule of Criminal Procedure 31(c)(1) provides that a defendant may be found guilty of "an offense necessarily included in the offense charged." We apply the "elements" test to identify the relevant offense: a lesser crime is "necessarily included" in the greater if "the elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck v. United States*, 489 U.S. 705, 716 (1989).

Stricker's theory on appeal is that the elements of simple assault are not a subset of the elements of assault by strangulation, because simple assault may be committed by placing a person in fear of bodily harm, while assault by strangulation requires a battery or an attempted battery. Simple assault, he points out, may be committed by either (1) an attempt or threat to injure that placed the victim in fear of

immediate bodily harm or (2) "any intentional and voluntary harmful and offensive touching of another person without justification or excuse." R. Doc. 61, at 10. Stricker maintains that assault by strangulation requires either battery or attempted battery, and that an assault committed by inducing fear in the victim is thus not a subset of the charged offense.

We reject this argument because the elements of simple assault are a subset of the elements of assault by strangulation. The first element of each offense was that the defendant assaulted the victim. The jury instructions used essentially the same definition of "assault" for both the greater and the lesser offense: "any intentional and voluntary attempt or threat to injure another person, combined with the apparent present ability to do so, which is sufficient to put the other person in [reasonable] fear of immediate bodily harm or any intentional and voluntary harmful and offensive touching of another person without justification or excuse." R. Doc. 61, at 7, 10. (For reasons that are not explained, only the lesser-included instruction included the word "reasonable" before "fear of immediately bodily harm.") The greater offense included an additional element—namely, that the defendant committed the assault "by means of strangling, suffocating, or attempting to strangle or suffocate" the victim. Thus, if the government proved the first element but not the second, then it proved a subset of the elements of the charged offense.

We disagree with Stricker that assault by strangulation necessarily requires proof of battery. The assault element could be satisfied by an "attempt or threat to injure" that placed the victim in fear of immediate bodily harm. The second element could be met by evidence of an attempt to strangle. An attempt to strangle may be completed without a battery if, say, the perpetrator manifests an intent to strangle and takes a substantial step toward that end, but the attempt is thwarted before the perpetrator makes contact with the victim's throat or neck. By contrast, the district court properly recognized that the offense of assault by striking, beating, or wounding, 18 U.S.C. § 113(a)(4), which requires physical contact with the victim,

-5-

was not a lesser-included offense of assault by strangulation, because the greater offense could be committed by an attempt to strangle that does not involve physical contact. *See United States v. Herron*, 539 F.3d 881, 886 (8th Cir. 2008).

The judgment of the district court is affirmed.

_____