# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1881

_____

United States of America,

*Plaintiff - Appellee,*

v.

Christopher L. Corn,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 16, 2021
Filed: September 6, 2022

_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Christopher Corn challenges a sentence imposed by the district court[1] after revocation of Corn's term of supervised release. We conclude that Corn invited any error regarding the statutory maximum sentence, and the district court did not abuse

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

its discretion in sentencing Corn within the invited range. We therefore affirm the judgment.

In 2019, Corn pleaded guilty to unlawful possession of a firearm in a school zone. *See* 18 U.S.C. §§ 922(q)(2)(A), 924(a)(4). The plea agreement stated that Corn "understands that this is a Class D felony" with a maximum sentence of five years' imprisonment and three years of supervised release. The agreement further recited that if Corn violated a condition of his supervised release, the court may impose an additional period of imprisonment of up to two years and a new term of supervised release. At sentencing, Corn agreed that he could be sentenced to a term of supervised release not to exceed three years, and requested a sentence that included a three-year term of supervised release. The district court sentenced Corn to a term of fifty-five months' imprisonment and three years' supervised release.

Corn was released from custody and began his term of supervised release in March 2020. In April 2021, the district court revoked Corn's supervised release after he admitted to the possession and use of methamphetamine. The court determined that the maximum term of imprisonment for a revocation sentence was two years, that the advisory guideline range was eight to fourteen months, and that imprisonment and supervised release together could not exceed thirty-six months.

Corn agreed with those calculations, and asked the court to impose a revocation sentence of one year and a day in prison with no supervision to follow. The district court instead varied upward from the advisory range and imposed a sentence of twenty months' imprisonment and twelve months of supervised release.

Corn's principal argument on appeal is that his revocation sentence exceeds the maximum term authorized by statute, and that the district court plainly erred in imposing it. The maximum term depends on the term of supervised release authorized by statute for Corn's original firearms offense. When a district court

revokes a term of supervised release, the court may impose a term of imprisonment and a new term of supervised release, but the total term cannot exceed the term of supervised release authorized by the original statute of conviction. *See* 18 U.S.C. § 3583(h).

Corn now argues that the statute of conviction in his case, 18 U.S.C. § 922(q), authorizes a term supervised release of only one year. He thus contends that his revocation sentence of twenty months' imprisonment and twelve months of supervised release exceeds the maximum. An offender convicted under § 922(q) is subject to a term of imprisonment of up to five years. *Id.* § 924(a)(4). The penalty provision, § 924(a)(4), is silent as to the applicable period of supervised release, but states that "[e]xcept for the authorization of a term of imprisonment of not more than 5 years made in this paragraph, for the purpose of any other law a violation of section 922(q) shall be deemed to be a misdemeanor." *Id.*

The authorized term of supervised release for a misdemeanor is not more than one year. *Id.* § 3583(b). Corn argues that because § 922(q) is a misdemeanor "for the purpose of any other law," it is a misdemeanor for the purpose of calculating his term of supervised release under § 3583(b). As such, Corn contends that § 922(q) authorizes a term of supervised release of not more than one year, and that one year allocated between imprisonment and supervised release is the maximum punishment allowed after a revocation of supervised release.

The government counters that § 922(q) authorizes a term of supervised release of up to three years. Corn's firearms offense is not classified by a letter grade in § 922(q), and offenses "not specifically classified by a letter grade" are assigned letter grades in 18 U.S.C. § 3559(a) based on the maximum term of imprisonment allowed. Because the maximum term of imprisonment for a violation of § 922(q) is five years, the government contends that the offense is classified as a Class D felony under § 3559(a)(4). The authorized term of supervised release for a Class D felony is up to

three years, 18 U.S.C. § 3583(b)(2), so the government argues that Corn's revocation sentence of twenty months' imprisonment and twelve months of supervised release is within the applicable maximum of thirty-six months. On this view, because the availability of a three-year term of supervised release follows directly from "the authorization of a term of imprisonment of not more than 5 years made in this paragraph," 18 U.S.C. § 924(a)(4), the misdemeanor classification "for the purpose of any other law" does not apply. Two circuits have concluded that the government's interpretation is not plainly erroneous. *United States v. Grant*, 665 F. App'x 304, 308 (4th Cir. 2016); *United States v. Alvira-Sanchez*, 804 F.3d 488, 495 (1st Cir. 2015).

In this case, we conclude that Corn is not entitled to plain-error review because he invited the alleged error. Under the invited error doctrine, a defendant who invites the district court to make a particular ruling waives his right to claim on appeal that the ruling was erroneous. *United States v. Campbell*, 764 F.3d 874, 879 (8th Cir. 2014); *United States v. Mariano*, 729 F.3d 874, 881 (8th Cir. 2013). The plain-error standard applies only "when a defendant inadvertently fails to raise an objection in the district court." *United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002). A defendant cannot complain on appeal that the court proceeded in a way that his lawyer requested. *Id.*

Corn invited the district court to classify § 922(q) as a Class D felony rather than as a misdemeanor. Corn's plea agreement regarding the offense stated that he "understands that this is a Class D felony" with a maximum sentence that could include three years of supervised release. Corn also acknowledged that if he violated a condition of his release, the court could impose an additional period of imprisonment of up to two years, a punishment available only for a felony.

At the original sentencing hearing, Corn sought a sentence that included a three-year term of supervised release. That term is authorized for a Class D felony,

but exceeds the punishment allowed for a misdemeanor. *See* 18 U.S.C. § 3583(b)(2), (b)(3), (e)(3).

Corn again invited the district court to treat § 922(q) as a Class D felony at the revocation hearing. Corn agreed that the statutory maximum penalty was two years' imprisonment, and that custody and supervised release together could not exceed three years. Corn specifically asked the court for a revocation sentence of a year and a day in prison—a term that was permissible only if § 922(q) was classified as a felony rather than a misdemeanor. The district court accepted the invitation to treat § 922(q) as a felony, although it did not adopt Corn's preferred sentence within the statutory range for a Class D felony.

Corn's invitation is comparable to the defendant's litigating position in *United States v. Love*, 449 F.3d 1154 (11th Cir. 2006). There, the defendant sought to appeal a sentence that included a term of five years' supervised release on the ground that the statute of conviction did not authorize any term of supervised release. *Id.* at 1156. But the defendant had acknowledged in a plea agreement that the statute authorized a term of up to five years' supervised release, and he had requested a sentence with two years of supervised release. *Id.* at 1157. The Eleventh Circuit ruled that because the defendant invited the district court to impose a sentence that included a term of supervised release, he was precluded from arguing on appeal that the statute did not authorize supervised release. The court thus affirmed the sentence that included a term of five years' supervised release. *Id.*

In this case, Corn invited the district court to treat § 922(q) as a felony by imposing a sentence that was permissible only if the offense was so classified. Corn thus invited any error in classifying the offense as a felony, and he is foreclosed from asserting on appeal that § 922(q) should be classified as a misdemeanor. *See* *Campbell*, 764 F.3d at 879; *Mariano*, 729 F.3d at 881.

The dissent argues that the invited error rule should not apply where the government "first introduced the error" and the sentence imposed allegedly exceeds the statutory maximum penalty. On that view, even if the district court had imposed precisely the sentence of a year and a day that Corn requested, he could appeal on the ground that the sentence was one day too long. We decline to adopt the proposed exception to the ordinary rule.

This court has declined to deviate from the invited error rule with respect to an alleged error that was introduced by the government. In *Campbell*, a plea agreement provided that a certain provision of the sentencing guidelines would apply in determining a prison term. The district court applied the guideline, but the defendant later challenged that decision on appeal. This court held that the defendant invited the alleged error, and that appellate review was not available. 764 F.3d at 879. We then applied *Campbell* in *United States v. Montagne*, 854 F. App'x 761 (8th Cir. 2021), where the defendant invited a mandatory life sentence that was introduced in an indictment and a plea agreement. The court held that the invited error doctrine controlled even when "the government was as much at fault for inviting the alleged error as the defendant." *Id*. at 763 (internal quotation and brackets omitted).

We also see no principled reason why an invited sentence that allegedly exceeds the statutory maximum should be appealable while other invited errors of equal or greater significance to a defendant are not. Where a defendant proposes or affirmatively assents to a jury instruction, for example, he invites any error in the instruction, and may not appeal it. *See United States v. Stricker*, 4 F.4th 624, 627 (8th Cir. 2021); *Mariano*, 729 F.3d at 880-81; *Petschl v. United States*, 369 F.2d 769, 774 (8th Cir. 1966). In that case, the conviction itself could be "illegal" if the jury instructions are flawed, but no appellate review is available.[2]

_____

[2]As with an appeal of an invited sentence, if a defendant were allowed to appeal a jury instruction that he proposed, and if the appeal had merit, then he would

So too with alleged sentencing errors that are more prejudicial than one day or eight months of imprisonment in excess of a statutory maximum. In *Campbell*, a defendant argued that the district court miscalculated the sentencing guideline range by eighteen levels, increasing his guideline sentence by eight years. *See* Appellant's Br., *United States v. Campbell*, 764 F.3d 874 (8th Cir. 2014) (No. 13-1023), 2013 WL 1752930, at *15-16. In *United States v. Durham*, 963 F.2d 185 (8th Cir. 1992), the defendant argued that the district court mistakenly applied a twenty-five year statutory minimum sentence, and therefore failed to grant a requested downward departure of ten years. *Id*. at 186-87. In each case, the defendant argued that the sentence imposed was contrary to law (and in *Durham*, contrary to statute), but this court held that the defendant invited the alleged error and waived the right to appellate review.

The dissent cites an oft-repeated statement from *United States v. Andis*, 333 F.3d 886 (8th Cir. 2003) (en banc), that an appeal waiver in a plea agreement does not apply to an "illegal sentence" that is outside the statutory range. *Id*. at 892. *Andis* did not involve such a sentence, and the suggested rule was criticized there on the ground that "a sentence that violates a guideline is no less illegal in kind than a sentence that violates a statute." *Id*. at 894 (Arnold, J., concurring). Whatever the merit of an "illegal sentence" exception in the different context of appeal waivers, we think it would be anomalous to carve out one type of alleged error from the operation of the invited error doctrine. Nor does an exception to procedural default in post-conviction cases, applying as it does to mere forfeitures, dictate the rule in this context. *Cf. Lofton v. United States*, 920 F.3d 572, 576-77 (8th Cir. 2019).

---

achieve nothing more than if he had raised the same argument in the district court. In the appeal of a sentence, he could be sentenced under the correct parameters of the disputed statute or guideline; in the appeal of an instruction, he could receive a trial with correct jury instructions. *Cf. post*, at 10 n.4.

Several courts have applied the invited error rule with respect to claims alleging a sentence that exceeds a statutory maximum. *United States v. Dahda*, 852 F.3d 1282, 1291-92 (10th Cir. 2017); *Love*, 449 F.3d at 1157; *United States v. Cameron*, 808 F. App'x 1020, 1020-21 (11th Cir. 2020) (per curiam); *United States v. Morales-Escobedo*, 367 F. App'x 804, 806 n.2 (9th Cir. 2010) (mem.); *United States v. Esperanza-Vasquez*, 211 F. App'x 140, 142 (3d Cir. 2007). We follow the same course here.

Alternatively, Corn challenges the substantive reasonableness of his sentence. We review a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings. *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008); *see Gall v. United States*, 552 U.S. 38, 51 (2007). Corn argues that the district court abused its discretion by failing to weigh properly certain mitigating factors, including that Corn suffers from drug addiction and lack of self-control, voluntarily reported his violations, and sought to attain help for his drug problem.

The district court, accepting Corn's invitation to treat § 922(q) as a felony in determining sentencing options, calculated the correct advisory guideline range of eight to fourteen months' imprisonment. *See* USSG § 7B1.4(a); 18 U.S.C. § 3583(h). In recognition of the fact that Corn admitted to violating the terms of his release, the court declined to impose the maximum revocation sentence for a Class D felony. The court expressed its understanding that "addiction is hard," and recognized that there is a "mental health component" to Corn's condition. The court observed, however, that Corn had chosen to blame others rather than take responsibility for his violations. The court also considered the government's argument that the court had warned Corn sternly at the original sentencing about the potential consequences of reverting to involvement with illegal drugs. After considering the factors under 18 U.S.C. § 3553(a), the court elected to impose a term of twenty months' imprisonment, with one year of supervised release to follow.

We conclude that the district court did not abuse its discretion in varying upward from the advisory range to a term of twenty months. A sentencing court has wide latitude to weigh the relevant factors and to assign some greater weight than others in determining an appropriate sentence. *United States v. Shepard*, 8 F.4th 729, 732 (8th Cir. 2021). Corn essentially disagrees with how the district court weighed the relevant factors, but he has not demonstrated that the court committed a clear error of judgment under the deferential standard of review. *See United States v. Long*, 906 F.3d 720, 727-28 (8th Cir. 2018).

The judgment of the district court is affirmed.

GRASZ, Circuit Judge, dissenting.

The court refuses to consider Corn's argument that the district court imposed a revocation sentence exceeding the statutory maximum because it concludes Corn "invited the error." Because I doubt the invited error doctrine's applicability here and, regardless, believe the illegal sentence imposed constitutes a manifest injustice, I respectfully dissent.

"Federal Rule of Criminal Procedure 52(b) provides that a court of appeals may consider errors that are plain and affect substantial rights, even though they are raised for the first time on appeal." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1903 (2018). This plain error standard does not apply when a party waives a right by intentionally relinquishing or abandoning it. *See United States v. Harrison*, 393 F.3d 805, 806 (8th Cir. 2005).

The invited error doctrine, which is a "species of waiver," *United States v. Lerma*, 877 F.3d 628, 632 (5th Cir. 2017), "applies when the trial court announces its intention to embark on a specific course of action and defense counsel specifically approves of that course of action." *United States v. Adejumo*, 772 F.3d 513, 535 (8th

Cir. 2014) (quoting *United States v. Jewell*, 614 F.3d 911, 920 (8th Cir. 2010)). The purpose of the invited error doctrine is to "prevent[] a defendant from leading the district court 'down a primrose path' and later, on appeal, profiting from the invited error." *United States v. Stricker*, 4 F.4th 624, 628 (8th Cir. 2021). In other words, the doctrine exists to prevent a party from inviting an error at the trial court level that will create grounds for appeal if the district court's judgment does not come out in the party's favor.

I strongly doubt the doctrine should apply in circumstances such as this, where the government first introduced the error, the error resulted in an illegal sentence above the statutory maximum,[3] and Corn in no way profited from the error.[4] But even if the invited error doctrine applies, it should not completely foreclose review where

---

[3]The court traces the invited error back to the plea agreement for the original offense, in which Corn acknowledged that if he violated a condition of his release, the court could impose an additional period of imprisonment of up to two years, a punishment available only for a felony. But it is worth noting the plea agreement also reserved Corn's right to appeal an illegal sentence, which expressly included "a sentence imposed in excess of the statutory maximum[.]" Plea Agreement, ¶ 15.b., ECF No. 150.

[4]The court compares application of the invited error doctrine here to a situation where a defendant affirmatively assents to an erroneous jury instruction, calling such an instruction error of "equal or greater significance." *Ante*, at 6. But an illegal sentence differs from an erroneous jury instruction in at least two relevant ways. First, imposition of a sentence above the statutory maximum implicates separation of powers concerns not present in most challenges to the jury instructions. Second, the chance of defendant profiting from the correction of such purported errors differs. There is no threat of a defendant profiting by permitting a challenge to an illegal sentence on appeal. If successful, the defendant will achieve nothing more than had he raised the argument below—a sentence within the statutory parameters. In contrast, permitting a challenge to a jury instruction for the first time on appeal could result in the reversal of a conviction—something a defendant may not have achieved had he challenged the instruction below.

a manifest injustice occurs through the imposition of an illegal sentence, meaning "one imposed without, or in excess of, statutory authority." *Sun Bear v. United States*, 644 F.3d 700, 705–06 (8th Cir. 2011) (en banc).

We have consistently permitted review of such illegal sentences even when the defendant waived the argument. For example, in the context of a written plea agreement with an appeal waiver, this court still has the ability to correct an illegal sentence even though there exists a valid waiver. *See United States v. Andis*, 333 F.3d 886, 891–92 (8th Cir. 2003) (en banc) ("[I]n this Circuit a defendant has the right to appeal an illegal sentence, even though there exists an otherwise valid waiver."); *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (explaining "defendants cannot waive their right to appeal an illegal sentence").[5] Similarly in the post-conviction context, we have also held that a sentence imposed in excess of the statutory maximum constitutes a manifest injustice. *See, e.g., Lofton v. United States*, 920 F.3d 572, 576–77 (8th Cir. 2019). I see no reason why the same would not be true here. The invited error doctrine should not completely bar review of the imposition of an illegal revocation sentence above the statutory maximum.

And to be clear, I believe the district court's twenty-month prison sentence plainly exceeds the statutory maximum. Here's why.

---

[5]The court questions the merits of an "illegal sentence" exception to waiver as emphasized by the en banc court in *Andis*, suggesting the rule articulated was dicta and noting that a concurring opinion in *Andis* criticized the use of such an exception. *Ante*, at 7 (quoting *Andis*, 933 F.3d at 894 (Arnold, J. concurring)). However, the concurring opinion did not represent the majority of the en banc court. And the majority in *Andis* believed it was "reaffirming that in this Circuit a defendant has the right to appeal an illegal sentence, even though there exists an otherwise valid waiver." 933 F.3d at 891–92. It also re-emphasized what constitutes an illegal sentence, explaining a "sentence . . . 'in excess of a statutory provision or otherwise contrary to the applicable statute.'" *Id.* at 892 (quoting *United States v. Peltier*, 312 F.3d 938, 942 (8th Cir. 2002)). The rule articulated in *Andis* remains good law.

-11-

When a district court revokes supervised release, it may "require the defendant to serve in prison all or part of the term of supervised release *authorized* by statute for the offense that resulted in such term of supervised release[.]"  18 U.S.C. § 3583(e)(3) (emphasis added).  Congress dictated the authorized terms of supervised release for a misdemeanor as being "not more than one year."  *Id.* § 3583(b)(3).  Corn's offense was a violation of 18 U.S.C. §  922(q).  And Congress has expressly provided that, except for the initial terms of imprisonment, a violation of § 922(q) "*shall be deemed to be a misdemeanor*" "for the purpose of *any other law*[.]"  18 U.S.C. § 924(a)(4) (emphases added).  The statutory scheme may be convoluted.  But the meaning is still plain. Section 924(a)(4) directs that Corn's § 922(q) violation was to be treated as a misdemeanor for purposes of the "other law" (in this case §  3583), which means the court was authorized to impose a sentence of not more than one year.  Since the twenty-month sentence exceeds what Congress authorized, it is "illegal" and in my view constitutes a "manifest injustice."  I would thus reverse the error regardless of whether Corn truly invited it.

———————————————