# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-3196

———————————————

United States of America

*Plaintiff - Appellee*

v.

Tayrel Lamar Rulford

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: June 13, 2023
Filed: July 26, 2023
[Unpublished]

——————————

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Tayrel Rulford pled guilty to an information charging him with possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). He appeals his 120-month sentence, asserting the district court[1] sentenced him based on an incorrect

———————————————

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

belief that a mandatory minimum sentence applied. Because any initial misunderstanding by the district court was immediately corrected and the district court relied on the factors set forth in 18 U.S.C. § 3553(a) as well as the parties' joint sentencing recommendation, we affirm.

Rulford's original charge—being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1)—carries a 15-year mandatory minimum sentence. During plea negotiations, Rulford agreed to plead guilty to possession of a stolen firearm, which carries a maximum imprisonment term of 120 months and no mandatory minimum. The parties' agreement contemplated a joint recommendation for a sentence of 120 months.

Consistent with their agreement, the parties requested at sentencing that the district court impose a 120-month sentence. After noting Rulford's rehabilitative efforts, the court announced it was imposing a mandatory minimum sentence of 120 months. After both parties immediately informed the court that the charge Rulford pled guilty to did not have a mandatory minimum, the court promptly reconsidered and found the joint recommendation was appropriate under the factors set forth in 18 U.S.C. § 3553. In its written statement of reasons, the court indicated the sentence was based on the § 3553(a) factors.

Rulford contends the district court committed significant procedural error because it initially stated his offense was subject to a mandatory minimum sentence. The government seeks to enforce the plea agreement's appeal waiver provision. Even assuming Rulford convinced us that the plea agreement did not bar his appeal, his claim is foreclosed by the invited error doctrine. A party "who invites the district court to make a particular ruling waives his right to claim on appeal that the ruling was erroneous." United States v. Corn, 47 F.4th 892, 895 (8th Cir. 2022), cert. denied, 143 S. Ct. 1093, 1093 (2023). Rulford specifically requested the sentence the district court imposed. The invited error doctrine precludes him from challenging his sentence on appeal. See id.

We affirm the judgment of the district court.

_____