# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1952
_____

United States of America,

*Plaintiff - Appellee*,

v.

James E. Bowman, also known as Drake,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: October 25, 2023
Filed: October 31, 2023
[Unpublished]
_____

Before LOKEN, COLLOTON, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

James E. Bowman appeals after the district court[1] revoked his supervised release and sentenced him to 3 years in prison. Bowman raises several arguments:

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

that his sentence was unreasonable, that he was denied due process in his revocation hearing due to judicial bias, that the special condition of release at issue was unconstitutional, and that his probation officer used false evidence to secure the arrest warrant preceding revocation.

Upon careful review, we conclude that the district court did not abuse its discretion in sentencing Bowman. There is no indication that the court gave significant weight to an improper or irrelevant factor or committed a clear error of judgment in weighing relevant factors. *See United States v. Miller*, 557 F.3d 910, 914 (8th Cir. 2009) (standard of review); *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009); *United States v. Larison*, 432 F.3d 921, 923 (8th Cir. 2006). The revocation prison sentence was within the statutory maximum. *See* 18 U.S.C. § 3583(e)(3). In any event, Bowman is precluded from challenging his sentence because he requested a revocation prison sentence of up to three years with no supervised release to follow, and that is what he received. *See United States v. Corn*, 47 F.4th 892, 895 (8th Cir. 2022), *cert. denied*, 143 S. Ct. 1093 (2023).

As to the remaining issues Bowman raises on appeal, we find no basis for reversal. The record lacks any evidence of bias resulting in a due process violation. Bowman is procedurally barred from challenging the validity of the special supervised-release condition for the first time in a revocation proceeding absent any changed circumstances. *See United States v. Simpson*, 932 F.3d 1154, 1156 (8th Cir. 2019); *United States v. Miller*, 557 F.3d 910, 913 (8th Cir. 2009). The district court revoked Bowman's supervised release based upon his admission that he violated a condition of release, not the probation officer's assessment of his dangerousness. *See* 18 U.S.C. § 3583(e)(3).

The judgment of the district court is affirmed.

_____