# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-2543
_____

United States of America

*Plaintiff - Appellee*

v.

Frank Cortez Bonaparte

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: October 16, 2023
Filed: November 14, 2023
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

In the summer of 2022, Frank Bonaparte began serving a three-year term of supervised release for a firearm-possession offense. About six months later, his probation officer filed a violation report alleging that Bonaparte committed six violations of four conditions of his supervised release. Bonaparte admitted to all six violations, including violations for possessing and using cocaine. Accordingly, the

district court[1] determined that Bonaparte committed the six violations and found that the appropriate revocation sentencing range under the advisory sentencing guidelines was between 12 and 18 months' imprisonment. However, the district court agreed to Bonaparte's request that it take the matter under advisement and defer imposition of a revocation sentence.

Over the following months, the probation office submitted five supplemental reports alleging that six sweat patches worn by Bonaparte were positive for cocaine. Bonaparte denied cocaine use when confronted with these results, and, at his final revocation hearing in the summer of 2023, he denied using since late 2022. He presented eleven urinalysis tests with negative results from the same period as the sweat patches. Bonaparte argued that these results called into question the sweat patches' reliability. In response, the probation officer at the hearing noted that sweat patches and urinalysis tests have different "cutoff levels" and methodologies. The district court ultimately concluded that the urinalysis results did not call into question the accuracy of the sweat patches because "there could be simply a different cutoff" and "none the less, it is the patch that determines if someone has used or not used."

Taking into account Bonaparte's drug use and his progress in other areas, the court varied downward from the guidelines range it had previously calculated and sentenced him to 6 months' imprisonment followed by another year of supervised release.

Bonaparte timely appealed, arguing that, in light of his negative urinalysis tests, the Government's submission of the sweat patches without additional evidence of their reliability was insufficient proof of the additional drug-use violations. Bonaparte did not object to the introduction of this evidence or the court's reliance on it at the final revocation hearing.

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

When a "defendant inadvertently fails to raise an objection in the district court," plain-error review applies. *United States v. Harrison*, 393 F.3d 805, 806 (8th Cir. 2005). On plain-error review, we will reverse only if the defendant shows that "the district court committed an obvious error that affected his substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ellison*, 71 F.4th 1111, 1114 (8th Cir. 2023). However, if a defendant invited the error, we need not reach the claim of error at all. *See United States v. Corn*, 47 F.4th 892, 895-86 (8th Cir. 2022) ("Under the invited error doctrine, a defendant who invites the district court to make a particular ruling waives his right to claim on appeal that the particular ruling was erroneous.").

We conclude that Bonaparte is not entitled to plain-error review because he invited the alleged error. At the final revocation hearing, Bonaparte acknowledged that the sweat patches he submitted repeatedly tested positive for cocaine. Bonaparte also agreed that sweat-patch testing is valid, agreed that sweat-patch testing has a different "cutoff point" than urinalysis testing, and agreed that he had no evidence to contest the sweat-patch results' validity or accuracy. When speaking to the court, Bonaparte acknowledged that the negative urinalysis tests "h[e]ld no weight." Bonaparte thus invited any error by the court in relying on the sweat patches.[2] *See, e.g.*, *Corn*, 47 F.4th at 895-96 (finding invited error where defendant's signed plea directed the court to incorrectly classify his offense for purposes of sentencing); *United States v. Coonce*, 932 F.3d 623, 636-37 (8th Cir. 2019) (finding invited error where defense counsel affirmatively approved of an evidentiary ruling).

Affirmed.

_____

[2]Even if Bonaparte did not invite the alleged error, we find no plain error here. *See United States v. Grimes*, 702 F.3d 460, 470 (8th Cir. 2012) (explaining the defendant bears the burden of showing a "reasonable probability" of a different result absent the alleged error). Bonaparte admitted to six violations of his supervised release at the first revocation hearing. As the district court noted, it could have reached the same decision on revocation based on those violations alone.