# United States Court of Appeals
### For the Eighth Circuit

_____

## No. 23-2527

_____

United States of America

*Plaintiff - Appellee*

v.

Charles D. Nadeau

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Central

_____

Submitted: January 8, 2024
Filed: February 26, 2024
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In 2009, Charles D. Nadeau pled guilty to second-degree murder and was sentenced to 120 months' imprisonment, followed by 3 years of supervised release. After being released from custody in 2017, the district court[1] revoked Nadeau's

---

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

supervised release in 2018 after he admitted to ingesting marijuana and consuming alcohol on more than one occasion. The district court sentenced Nadeau to three months' imprisonment, followed by three years of supervised release. After beginning his second term of supervised release in late 2018, the district court again revoked Nadeau's supervised release in 2022 after Nadeau admitted to consuming alcohol on two occasions and driving while intoxicated. The district court sentenced Nadeau to 3 months' imprisonment followed by 18 months of supervised release. Finally, in 2023, the district court revoked Nadeau's supervised release for the third time after it found that he failed to submit to urinalysis testing, ingested controlled substances, and failed to report to a residential reentry center as directed. This time, the district court sentenced Nadeau to 24 months' imprisonment with no supervision to follow. Nadeau appeals, contending that this sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

At the hearing on his third revocation, Nadeau admitted to failing to submit to urinalysis testing. However, he testified that his signatures—found on supervision documents in which he admitted to using controlled substances and acknowledged directions to report to a residential reentry center—were forged. Nadeau further testified that at various times he experienced car and money problems and was in jail, which prevented him from traveling to the urinalysis testing sites and the residential reentry center. Because Nadeau had accused his probation officer of forging Nadeau's signature, the district court continued the hearing to allow the probation officer to testify. At the second hearing, the probation officer who completed the documents in question verified that Nadeau had indeed signed the forms.

The district court found that Nadeau lied when he testified that he did not sign the supervision forms, that he was aware of the dates and places he was to report for urinalysis testing and to be admitted to a residential reentry center, and that he did not timely advise a probation officer that alternative transportation arrangements were needed. Further, the district court found that Nadeau was not in jail during the relevant time period, as Nadeau had testified. Accordingly, the district court ordered

Nadeau's supervised release revoked. Nadeau's violations were grade C violations, and the district court calculated the United States Sentencing Guidelines range as 5 to 11 months imprisonment' with a statutory maximum of 5 years' imprisonment. The district court varied upwards and sentenced Nadeau to a term of 24 months' imprisonment with no supervision to follow.

On appeal, Nadeau does not challenge the district court's factual findings or the revocation of his supervised release. Instead, he asserts that the revocation sentence is substantively unreasonable. More precisely, he contends that the district court abused its discretion in weighing the applicable 18 U.S.C. § 3553(a) factors by placing too much weight on its finding that Nadeau was untruthful at the revocation hearing and too little weight on mitigating factors, such as "the struggles Mr. Nadeau faced while on supervision" and "the efforts he made with the limited resources and connections he had." We review the substantive reasonableness of a revocation sentence under the same reasonableness standard applied to initial sentences. United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant [18 U.S.C. § 3553(a)] factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (alteration in original) (citation omitted).

Nadeau's argument that the district court did not place sufficient emphasis on the mitigating factors overlooks the fact that the district court rejected much of Nadeau's mitigation testimony. For example, the district court heard Nadeau's testimony about alleged obstacles he faced in complying with the urinalysis testing and residential reentry center requirement but found that, even if Nadeau had encountered obstacles, he failed to timely advise a probation officer of his inability to comply with directions or request that alternative transportation arrangements such as bus tickets or gas vouchers be provided. The district court also found that Nadeau did not exercise the option of providing urinalysis samples via a kit brought to his home by a probation officer. Further, the district court found that Nadeau was not in jail when he was to report to the residential reentry center.

In weighing the relevant sentencing factors, the district court was entitled to place considerable weight on Nadeau's false testimony as well as his lengthy history of noncompliance with conditions of supervised release. See United States v. Corn, 47 F.4th 892, 898 (8th Cir. 2022) ("A sentencing court has wide latitude to weigh the relevant factors and to assign some greater weight than others in determining an appropriate sentence."). Nadeau's argument boils down to a disagreement with how the district court weighed the applicable § 3553(a) factors, which is insufficient to warrant reversal. See United States v. Campbell, 986 F.3d 782, 800 (8th Cir. 2021) ("[A] defendant's disagreement with the district court's balancing of relevant considerations does not show that the court abused its discretion."). Further, "we have frequently approved upward variances where a defendant is a 'recidivist violator' of supervised release conditions," as Nadeau is here. United States v. Elbert, 20 F.4th 413, 416 (8th Cir. 2021) (citation omitted). The district court did not abuse its discretion in imposing Nadeau's sentence.

The judgment of the district court is affirmed.

_____